(119 So. 17)

**ROBERT G. LASSITER & CO. v. NIXON et al. (3 Div. 847.)**

Supreme Court of Alabama. June 30, 1928.

On Rehearing Oct. 25, 1928. Further Rehearing Denied Dec. 20, 1928.

486

C. P. McIntyre, of Montgomery, for appellant.

Weil, Stakely & Cater, of Montgomery, for appellees.

SOMERVILLE, J. We see no escape from the conclusions of the trial court in this case.

As we read and understand the contract, upon the meaning of which the issue in suit depends, it contains no terms which can be called ambiguous. Plaintiffs undertook "to do all this grading [required by defendants' contract number 153 with the highway commission], including subgrading and finishing the shoulders"; and defendants undertook to pay for "this grading" at the rate of 30 cents per cubic yard. These mutual undertakings are expressed in terms of ultimate plainness and simplicity. Not only are the *terms* used entirely free from ambiguity, but their application to the subject-matter permits of no valid question. Written contracts are made, with varying success, to avoid misunderstandings and disagreements between the parties; and, if a contract so simple and plain as this must be subjected to parol explanations of its meaning, its making would be in vain.

We do not overlook appellants' argument that subgrading and shouldering were to be excluded from the yardage to be paid for, by virtue of the provision that the work was to be done "subject to the approval of the state highway engineer, and in compliance with the requirements of the highway commission," and of the further provision that payments were to be made as defendants received payment from the state. The former provision obviously refers to the manner of doing the work and its quality, and not to the *terms of payment;* and the latter provision relates only to the time of payments—when payments were to be due from defendants and demandable by plaintiffs—and does not, as assumed by counsel, put plaintiffs in the shoes of defendants in their relation to the highway commission as to *terms or amount of compensation.* This, we think, is the fallacy of appellants' contention.

But, if it were conceded that the contract is ambiguous in the respect under consideration, yet, having been drafted by the defendants themselves, the court would resolve the ambiguity in favor of plaintiffs, as an important rule of construction requires, unless the circumstances underlying the contract and the inducements leading up to it plainly indicate a *mutual* understanding to the contrary. There was some parol evidence of such inducements and circumstances before the trial court, but the weight of them must, we think, lead an unbiased mind to the same conclusions reached by the trial court. Those conclusions, based upon testimony heard orally by the trial court, are not subject to reversal, unless they are clearly wrong, a judgment which, under the evidence, we cannot here pronounce.

The argument of counsel for appellants is a remarkably ingenious piece of dialectics, but its foundations are laid in error, and its conclusions cannot be sustained.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

FOSTER, J. ██ This case was tried by the judge of the court below without a jury on evidence taken orally before him, and he found the facts from such evidence. We are required to look into the record to see if the findings of the judge are sustained by the evidence. Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905; Jones v. Hines, 205 Ala. 145, 87 So. 531. This however is subject to the presumption of correctness when the evidence is oral before the court notwithstanding sections 9498 and 8599 of the Code. Bookmiller v. Jones, 216 Ala. 298, 113 So. 32; Shaw v. Knight, 212 Ala. 356, 102 So. 701; Raible v. City Bank & Trust Co., 22 Ala. App. 68, 112 So. 543.

██ We are not however inclined to differ with the judge as to his findings of fact from the evidence. But the evidence further shows that appellee knew at the time the contract was made that appellant had a contract with the state for grading, and that it was the interpretation of the State Commission that such contract for grading included as an incident thereto the subgrading for which no pay was provided, and knew that the contract with the state was for thirty cents per cubic yard. It is our view now, upon further consideration, on application for rehearing, that there is ambiguity in the meaning of the contract. It is uncertain upon the face of the contract whether the words "including subgrading and finishing the shoulders," mean that such work is included in and is a part of the "grading," or whether they mean that for such subgrading appellant was to pay appellee at the rate of thirty cents per cubic yard in addition to the other grading.

██ The conclusion of the judge trying the case, from the facts he finds from the evidence, is not subject to the rule of presumption which obtains respecting his finding of the facts. We cannot agree with him in his conclusion, and it is our judgment that considering the facts surrounding the parties, the ambiguity should be resolved in favor of appellant. We hold therefore that under the contract as so construed, appellant is not due anything to appellee as claimed, and a judgment should be rendered accordingly.

The application for rehearing is therefore granted, and a judgment is here rendered for appellant and denying relief to appellee.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.

THOMAS and BROWN, JJ., adhere to the opinion formerly rendered, and dissent from the majority.