47 So.2d 187

### BRITLING CAFETERIA CO., Inc., v. NAYLOR.

#### 6 Div. 8.

Supreme Court of Alabama.

May 18, 1950.

Rehearing Denied June 30, 1950.

Kenneth Perrine and Leader, Tenenbaum, Perrine & Swedlaw, of Birmingham, for appellee.

White, Bradley, Arant & All, of Birmingham, for appellant.

FOSTER, Justice.

Appellee recovered a judgment against appellant for personal injuries received by her in a restaurant of appellant. She was passing the steam counter getting food for lunch at the noon period. Her right foot slipped and she fell, sustaining temporary injuries to her person. She was helped to

her feet, proceeded with her purpose and finished her lunch. She was employed at the "Parisian" in Birmingham, where she then returned. While there in changing her stocking she saw on the bottom of her right shoe something which she took to be a piece of green bean, which she thought must have been the cause of her slipping and falling. It may have been, since there was no other fact or circumstance to show that it was something else. There is no evidence as to how long it had been there, if there at all. No part of it was seen on the floor before or after the accident or at the time of the accident. It may have been there or may not have been there. It may have been dropped from the tray of a guest or an employee, or her shoe may have picked it up elsewhere in or out of the restaurant. The floor was of rubber or asphalt tile. It showed a skid mark about the size the shoe would have made in slipping.

The applicable legal principles have been settled in this State.

■ The duty of appellant was to use ordinary or reasonable care to keep his premises in reasonably safe condition. He was not an insurer of the safety of his guests or invitees. His duty does not seem to extend further. The principle of *res ipsa loquitur* does not apply. F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896. Negligence is not assumed from the mere fact of injury to an invitee. Lamson & Sessions Bolt Co v. McCarty, 234 Ala. 60, 173 So. 388; Harbin v. Moore, 234 Ala. 266, 175 So. 264. Mere proof that the injury could have happened in an alleged way does not warrant the conclusion that it did so occur, where it can with equal propriety be attributed to some other cause from the same proof.

Alabama Power Co. v. Pierre, 236 Ala. 521, 183 So. 665.

■ Appellant must exercise reasonable care before his guest comes to have his premises reasonably free from danger to him when he comes and keep it so while such guest, as an invitee, is on his premises where he may be expected or was invited to be.

■ The claim here is that there was a neglect of duty to keep the place free from dangerous substances. Such negligence would be either in causing the substance to be in a place dangerous to such guests as appellee or, after discovering it, in not exercising due care to remove it or not exercising due care to discover it before the accident.

There is no evidence that an employee of appellant caused the green bean (or any other foreign matter) to be on the floor at the place where appellee had her accident. There is no evidence that any employee of appellant discovered it on the floor before the accident or was negligent in not doing so. No one saw anything on the floor which was apparently dangerous before, after or at the time of the accident. No one saw the green bean if it was there. No one knows how or when it came to be there. There is no circumstance or fact to show that there was a failure of duty by an employee as to how or when it came to be at that place, or in not looking for it and removing it.

The reasoning in the Woolworth case, supra, and others cited, has full application here.

We think appellant was entitled to the affirmative charge which the court refused.

Reversed and remanded.

LAWSON, SIMPSON and STAKELY, JJ., concur.