63 So.2d 363

### KITTRELL v. ALABAMA POWER CO.
#### 4 Div. 697.

Supreme Court of Alabama.
Feb. 26, 1953.

Smith & Smith, Phenix City, and Martin, Turner, Blakey, & Bouldin and Alvin W. Vogtle, Jr., Birmingham, for appellee.

Albert L. Patterson, Phenix City, for appellant.

LAWSON, Justice.

Mrs. Willie Mae Kittrell brought this suit against Alabama Power Company to recover damages for personal injuries which she alleged she sustained as a result of a fall which occurred when she was in defendant's place of business in Phenix City, where she had gone to pay a bill.

The suit is based on the alleged negligence of the defendant in its failure to provide plaintiff with a reasonably safe

place to walk in its place of business. The defendant pleaded the general issue in short by consent in the usual form. No witnesses were called by defendant. Upon the completion of plaintiff's evidence, the trial court gave at the request of defendant the general affirmative charge with hypothesis. There was verdict for defendant; judgment was in accord with the verdict. A motion to set aside the verdict and judgment and grant to plaintiff a new trial was overruled. Thereupon plaintiff appealed to this court.

Regardless of what the rule may be elsewhere, the applicable legal principles have been settled in this state.

■ The duty of defendant was to use ordinary or reasonable care to keep its premises in a reasonably safe condition. It was not an insurer of the safety of its guests or invitees. The principle of *res ipsa loquitur* does not apply. F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667; Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187, and cases cited.

■ Defendant is required to exercise reasonable care before its invitee comes to his premises to have the premises reasonably free from danger to the invitee when he arrives and to so keep the premises while the invitee is on the premises where he may be expected or was invited to go. Britling Cafeteria Co. v. Naylor, supra.

■ The claim here is that there was neglect of duty on the part of defendant in that the floor of its premises was "awfully slick" and in failing to keep the floor free from dangerous substances. Such negligence would be either in causing such conditions or, after discovering them, in not exercising due care to remove them or in not exercising due care to discover such conditions before the accident. Britling Cafeteria Co. v. Naylor, supra.

The only evidence which tends to show the cause of plaintiff's fall is her own testimony. She testified that the floor was "awfully slick" in response to a leading question. The building was new and had been occupied by defendant only a short period of time. The floor was tile with no covering. As to the claimed dangerous substance on the floor, the plaintiff's testimony does no more than show that on the floor at the place where she fell were "pecan hulls" or sand or gravel or dirt.

There is no evidence to show that an employee of defendant knew the floor was slick or had placed any substance on it which might tend to create that condition, or that any situation had arisen which had come to the attention of an employee which would cause a reasonable person in the exercise of due care to investigate as to the condition of the surface of the floor.

Likewise there is no evidence that an employee of defendant caused the foreign substance to be on the floor at the place where plaintiff fell. There is no evidence that any employee of defendant discovered any such substance on the floor before the accident or was negligent in not doing so. There is no fact or circumstance to show that there was a failure of duty by an employee as to how or when such substance came to be in that place, or in not looking for and removing it.

The present case is clearly distinguishable on the facts from the recent decision by this court in Ten Ball Novelty & Mfg. Co. v. Allen, supra, and from Standard Oil Co. v. Gentry, 241 Ala. 62, 1 So.2d 29, and F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534.

The holding in Britling Cafeteria Co. v. Naylor, supra, has full application here. See Cox v. Goldstein, 255 Ala. 664, 53 So. 2d 354.

The trial court correctly gave the affirmative charge for defendant.

This conclusion renders it unnecessary to consider the other assignments of error. Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.