98 So.2d 7

Charles TALBOT, Adm'r,

v.

Bessie BRASWELL, Ex'x.

4 Div. 858.

Supreme Court of Alabama.

Nov. 7, 1957.

S. Fleetwood Carnley, Elba, for appellee.

LIVINGSTON, Chief Justice.

The original bill of complaint in this cause was filed by W. C. Braswell and Bessie Braswell against Charles Talbot, as administrator of the estate of H. C. Talbot, deceased.

Pending the proceedings in the lower court, W. C. Braswell died, and the cause was revived as to him in the name of Mrs. Bessie Braswell, executrix of the estate of W. C. Braswell, deceased.

The bill seeks to enjoin the respondent, Charles Talbot, as administrator, from foreclosing a certain mortgage executed by the complainants on November 27, 1933. The appeal is from a final decree of the Circuit Court of Coffee County, Alabama, in Equity, granting the relief prayed for and permanently enjoining the respondent from foreclosing the mortgage.

J. C. Fleming, Elba, for appellant.

The original bill alleged inter alia that complainants executed a mortgage in the amount of $3,520 to H. C. Talbot, respondent's intestate, on November 27, 1933, upon certain described real estate; that the mort-

gage had been paid in full, and that complainants had been given a receipt by H. C. Talbot in which he so accepted payment in full of the mortgage indebtedness; that the respondent, as administrator of the estate of H. C. Talbot, deceased, had begun proceedings to foreclose said mortgage; that if complainants be mistaken the mortgage had been paid in full, and the court should find that said mortgage had not been paid, that complainants be permitted to redeem the real estate upon the payment of the balance found due on the mortgage. An appropriate prayer for relief is contained in the bill. Upon the institution of the proceedings, a temporary injunction was granted restraining the foreclosure of the mortgage.

The answer made by the respondent to the original bill, in essence, denied that the mortgage had been paid, but admitted that a receipt had been executed by H. C. Talbot during his lifetime (showing payment in full); but further alleged that when said receipt was executed by H. C. Talbot he was in such a state of mind from pain-relieving drugs as not to know the full import of any business transaction, and, therefore, said receipt is of no force and effect.

Complainants amended the original bill and alleged, in substance, that they had executed other mortgages to H. C. Talbot (other than the mortgage contained in the original bill), and that these other mortgages had also been paid. The amended bill contained further allegations to invoke estoppel and laches. Respondent's demurrer to the amended bill was sustained. Complainants again amended the bill and alleged, in substance, that all of the mortgages executed by complainants to H. C. Talbot had been paid; that complainants had continuously relied on the receipt which was issued to complainants under date of May 28, 1937; that for ten years preceding his death, in April 1947, the said H. C. Talbot never by word, act or conduct repudiated the receipt, or questioned same, or sought in any manner to avoid it; that

since the death of H. C. Talbot in 1947, the respondent, Charles Talbot, had stood silently by, not making any claims on the said lands; that respondent is estopped to deny payment of the mortgage and estopped to deny that the receipt held by complainant is valid; and that respondent is guilty of laches in his assertion that the receipt was procured by fraud.

Respondent's demurrer to the bill of complaint as last amended was overruled and respondent filed his answer. In his answer respondent denied that the mortgage indebtedness involved in this suit had been paid. For further answer "Respondent admits that a receipt was issued by H. C. Talbot to complainants' intestate, W. C. Braswell, but for answer, says that said receipt was given without consideration and that the said H. C. Talbot at the time he executed said receipt was sick and physically and mentally unable to understand a business transaction."

Respondent further expressly denied that the complainants have continuously since the date of said receipt relied upon the same as being payment in full of said indebtedness, but to the contrary says that said W. C. Braswell knew that said receipt was given as above set forth and knew that no consideration had passed for the giving of said receipt. For further answer, respondent expressly denied that for ten years preceding the death of H. C. Talbot, in 1947, that he never did by word, act or conduct repudiate said receipt, but to the contrary says that the same was repudiated by him. The respondent further denied the allegation that H. C. Talbot during his lifetime did not seek to question said receipt.

Upon the issues thus raised, the testimony was taken ore tenus before the trial judge, and resulted in a decree for the complainants to the effect that the mortgage had been paid in full, and permanently enjoined its foreclosure.

In support of the allegations of payment of the indebtedness, secured by the mortgage here involved, complainants intro-

duced in evidence an instrument in writing reciting, in part, as follows:

"Elba, Ala.
May 28, 1937

"This is to certify that W. C. & Bessie Braswell has paid the mortgages he gave me in full and I hereby give him the power of attorney to make (sic [mark]) same paid on the record.
"H. C. Talbot"

Appellant assigns five rulings of the trial court as error.

1. The appellant claims as error the overruling of the respondent's demurrer to the complainant's bill at last amended. The demurrer was directed to the bill as a whole, which contained more than one aspect.

■ Our cases are clear to the effect that if in any aspect the bill states a cause of action, the demurrers addressed to it as a whole should be overruled. Tyler v. Copham, 245 Ala. 151, 16 So.2d 316, Ala.Digest, Equity, ☞232.

■ Clear enough, that aspect of the bill alleging payment of the mortgage in question is sufficient, and this assignment of error is without merit.

Revised Rule 9 of the Supreme Court of Alabama, Code 1940, Tit. 7 Appendix, provides, in part, that: "Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

■ Appellant's brief does not substantially argue Assignments of Error numbered 2, 3 and 4, and we cannot consider them.

In support of the 5th Assignment of Error, appellant insists that the court erred in finding the issues in favor of the complainant and rendering its final decree holding that said mortgage had been paid as shown by the receipt dated May 28, 1937. In substance, the entire argument is to the effect that the decree of the trial court is contrary to the evidence.

■ The evidence is without conflict that the receipt, dated May 28, 1937, and relied on by the appellees as showing full payment of the mortgage here involved, was executed by H. C. Talbot. The appellant asserts the receipt was procured at a time when Talbot did not know the full import of his actions. In this regard, the trial court found respondent's evidence insufficient to support appellant's position. We cannot say that its finding in that regard was improper. The questions of payment and respondent's contention that the said receipt was obtained when Talbot did not know the full import of his actions were questions of fact to be determined by the trial court. The applicable rule is that where evidence is taken ore tenus before the trial court, the appellate court accords to the finding of fact by the trial court the same weight and credence, and indulges the same presumption in favor of the lower court as it would in favor of the verdict of a jury rendered upon the same facts, and will not set aside such findings by the trial court, unless upon the same facts it would set aside a like verdict of a jury thereon; i. e., unless plainly erroneous and contrary to the weight of the evidence. Ala.Digest, Appeal and Error, ☞ 1008.

We are unwilling to disturb the findings and decree of the lower court, and the cause is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN, and COLEMAN, JJ., concur.