119 So.2d 18

**FIRST NATIONAL BANK OF MOBILE**

v.

**Marie AMBROSE.**

**1 Div. 784.**

Supreme Court of Alabama.

March 17, 1960.

Johnston, McCall & Johnston, Mobile, for appellant.

Slepian & Byrd, Mobile, for appellee.

## GOODWYN, Justice.

Appellee sued appellant in the circuit court of Mobile County to recover damages for personal injuries alleged to have been proximately caused by appellant's negligence in failing to use due care to keep its branch bank premises reasonably safe for persons visiting there by its invitation, express or implied. The jury returned a verdict in favor of plaintiff, on which verdict judgment was duly rendered. This appeal is from that judgment. Defendant's motion for a new trial was overruled.

Of the sixteen assignments of error, only assignments 1, 2 and 4 and 9 through 14 are argued in brief. The others, therefore, must be considered as waived. Supreme Court Rule 9, Code 1940, Tit. 7 Appendix, 261 Ala. XIX, XXII;

Lewis v. Haynes, 266 Ala. 564, 98 So.2d 52; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7; Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750.

Assignments 1, 2 and 4 charge error in giving plaintiff's requested charges 3, 4 and 7, respectively. Assignments 9 through 13 charge error in refusing to give defendant's requested charges 1, 2, 7, 11 and 12, respectively. Assignment 14 charges error in denying defendant's motion for a new trial. The ground of the motion insisted on is that "the verdict was against the great preponderance of the evidence."

We find no reversible error in any of these assignments.

### Assignments 1 and 2.

It is insisted that plaintiff's charges Nos. 3 and 4 impose too high a duty on the defendant. These charges are as follows:

"3. I charge you gentlemen of the Jury, that there are three essential elements to the existence of actionable negligence: First, the existence of a duty on the part of the defendant to protect the plaintiff from injury; Second, failure of the defendant to perform this duty; and Third, injury to the plaintiff from such failure of the defendant. If you are reasonably satisfied from the evidence that all these elements are present and true, then you can find the defendant guilty of negligence."

"4. I charge you gentlemen of the Jury, that an occupier of business premises is required to exercise reasonable care before its invitee comes to its premises and to have premises reasonably free from danger to the invitee when he arrives, and to so keep the premises reasonably safe, where the invitee might be expected or invited to go."

Charge 3 is essentially the same as charge E which was approved in

Sprinkle v. St. Louis & S. F. R. Co., 215 Ala. 191, 195, 110 So. 137, 140. As there said:

"Charge E, given for defendant, is a correct statement of the elements of actionable negligence. Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. [251] 255, 55 So. 170. It could not have been misleading, but, if so regarded, an explanatory charge should have been requested."

It should be noted that charge 3 states only the essential *elements* of actionable negligence. If defendant considered it misleading because of its failure to define the duty owing to plaintiff, the remedy was to request an explanatory charge. Moreover, the nature and extent of such duty was adequately covered by the oral charge. See: Code 1940, Tit. 7, § 273, providing, in pertinent part, as follows:

"§ 273. Charges moved for by the parties.—* * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *"

As to charge 4, the contention is that it imposes an absolute duty on the proprietor without regard to the invitee's duty to exercise reasonable care for his own safety. The charge correctly states the law with respect to the duty owed an invitee. As said in Kittrell v. Alabama Power Co., 258 Ala. 381, 383, 63 So.2d 363:

"Regardless of what the rule may be elsewhere, the applicable legal principles have been settled in this state.

"The duty of defendant was to use ordinary or reasonable care to keep its premises in a reasonably safe condition. It was not an insurer of the safety of its guests or invitees. The principle of *res ipsa loquitur* does not

apply. F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667; Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Britling Cafeteria Co. v. Naylor, 254 Ala. 84, 47 So.2d 187, and cases cited.

"Defendant is required to exercise reasonable care before its invitee comes to his premises to have the premises reasonably free from danger to the invitee when he arrives and to so keep the premises while the invitee is on the premises where he may be expected or was invited to go. Britling Cafeteria Co. v. Naylor, supra."

While charge 4 might have gone further and defined an invitee's duty to exercise reasonable care for his own safety, the failure to do so does not render it defective. If the charge was thought to be misleading or not a full statement of the law the remedy was to request an explanatory or additional charge. Also, had defendant desired that the jury be instructed on the issue of plaintiff's contributory negligence the proper course to that end was by requested charge.

### Assignment 4.

■ The insistence is that plaintiff's given charge No. 7 "is an incorrect statement of law, and it imposes a duty on the proprietor of a store to warn an invitee of obvious dangers, as well as latent or hidden defects." Charge 7 is as follows:

"I charge you gentlemen of the Jury that it is the duty of a proprietor to warn an invitee of dangers of which the proprietor knows or should be informed of and of which the invitee is not aware."

The giving of charge 7 was not error. As said in Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 226, 118 So. 406, 408:

" * * * It is well understood that the duty to an invitee is not to injure

him either negligently or willfully or wantonly. * * *

"This extends to negligence in failing to warn an invitee of danger, of which he knows or ought to know, and of which the invitee is ignorant. * * *"

See, also: Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 63(2), 173 So. 388; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 112, 145 So. 443; Sloss Iron & Steel Co. v. Tilson, 141 Ala. 152, 161, 37 So. 427, 429. In the last cited case approval was given to the principle that an owner who "invites others to come upon his premises, assumes to all such who accept the invitation, the duty of warning them of any danger in coming, which he knows of, or ought to know of, and of which they are not aware."

If defendant considered charge 7 to be misleading or not a full statement of the applicable law the remedy was to request explanatory or additional charges. In fact, it seems to us that several of the given charges requested by defendant, and also the oral charge, adequately dealt with the question of plaintiff's duty to exercise reasonable care for her own safety.

### Assignments 9 and 10.

These assignments charge error in refusing to give the affirmative charges requested by the defendant (its charges Nos. 1 and 2). Since we have concluded (see discussion of assignment 14, infra) that the verdict was not "against the great preponderance of the evidence," there is no need to discuss the refusal of these charges.

### Assignments 11, 12 and 13.

■ These assignments involve the refusal to give defendant's requested charges 7, 11 and 12. These charges state principles which seem to us to have been substantially or fairly given to the jury in the court's general charge and in charges given

at the request of the parties. Code 1940, Tit. 7, § 273, supra.

### Assignment 14.

One of the grounds of defendant's motion for a new trial was that "the verdict was against the great preponderance of the evidence." It is insisted that the motion for a new trial should have been granted on this ground.

It is our view that the evidence presented questions for the jury on the issues of defendant's negligence and plaintiff's contributory negligence.

There is no dispute that plaintiff was on defendant's premises as an invitee. She had an account with defendant. On this particular occasion she was at the bank for the purpose of cashing her husband's pay check. At the time, the bank was crowded. Upon entering, she walked to the shortest line of customers waiting at a teller's window and stood in line awaiting her turn. There were several customers in the line ahead of her. On reaching the teller's window she cashed the check and put the money in her purse. She then turned to the left. In doing so she caught her right foot in a metal cigarette disposal loaded with sand and supported on three metal legs. The stand was about 21 inches high, about 10 inches wide at the top, with each of the legs being about 10 inches high. The legs were made to flare out from a central support under the sand-holding part of the disposal so that the bottom of the legs extended just about to the outside top rim of the part holding the sand.

Plaintiff testified that she did not notice or observe this or the other similar disposals prior to the accident; that, when in line, the people in front of her blocked her view ahead; that she did not know where the stand causing her injury was located but stated: "It had to be standing right next to the window, for me to turn to the left and get my foot caught in it."

In addition to plaintiff, there were only two witnesses who testified concerning the condition of the premises. Plaintiff called defendant's janitor as a witness and defendant called its branch manager. The janitor testified that he was the one who always put the "ash trays back where they belong." He identified the ash tray here involved and the place where he picked it up after the accident, but did not know exactly where it was just before. The manager testified that the ash stands were normally kept between the tellers' windows and about two or three inches from the wall; that the tellers' windows are about three or four feet apart; that the ash stand in question was normally kept from two to three feet to the left of the teller's window where plaintiff cashed her check. On cross-examination, he testified that he had never seen a disposal with three metal prongs on it at any other bank in Mobile; that in the bank's main branch are cigarette disposals which are round and flush on the ground.

Whether there is negligence on the part of an invitor or invitee necessarily depends upon all the facts and circumstances in each particular case. While there is not a great deal of evidence bearing on the negligence of the parties, we think it was sufficient to present a question for the jury to determine whether the defendant exercised toward the plaintiff the degree of care to which she was entitled and whether plaintiff was guilty of contributory negligence in failing to exercise reasonable care for her own safety, especially in view of the type of disposal being used. Following the well-recognized rules of review (Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Cobb v. Malone, 92 Ala. 630, 9 So. 738), we do not think we would be warranted in disturbing the trial court's ruling on the motion for a new trial on the ground here insisted on.

There being no error to reverse, the judgment is due to be affirmed.

Affirmed.

SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.