170 So.2d 492

**Anna Lois WATERS**

v.

**Frank V. MERRITT.**

**6 Div. 937.**

Supreme Court of Alabama.

March 5, 1964.

Rehearing Denied Jan. 21, 1965.

Cato & Hicks, Birmingham, for appellee.

Pritchard, McCall & Jones and Victor
H. Smith, Birmingham, for appellant.

## PER CURIAM.

Appellee-plaintiff, Frank V. Merritt, recovered judgment in the Circuit Court of Jefferson County, Alabama, in an amount equal to two months' rent of a commercial building fixed by the terms of a written lease. From this judgment, rendered by the trial judge, without the aid of a jury, appellant-defendant appeals with appropriate assignments of error that are adequately argued in compliance with the rules of this court.

It is undisputed that the building, on or about February 15, 1959, was "gutted" (using a colloquial term) by fire. Pursuant to the terms of the rental agreement, plaintiff cancelled the rental agreement effective April 15, 1959. Thereafter, he rebuilt the building which was never occupied by appellant or her tenant after the fire.

The testimony without dispute shows that the major portion of the roof collapsed from the fire and fell to the floor, made part of concrete and part of wood, which was thoroughly soaked from standing water used to extinguish the fire. The major portion of the "old theatre" part collapsed.

There was a small area on the front that had been a balcony and the entrance lobby that remained standing.

The west, east and south walls of the building, which was about 40 feet wide and 150 feet long, remained standing. The walls were made of brick and concrete blocks. The marquee and the portion where the motion picture projector was used remained standing. Three of the walls, the interior surface of which was damaged, together with some of the bricks, were used, along with the flooring, when the building was rebuilt.

The building as originally built was designed for a moving-picture theatre, with sloping floors, projector room, lobby and a marquee for display of lights. A short while after the rental contract was signed, the lessee subrented the building for use as a furniture store.

The issue presented by the pleadings and the evidence is whether or not the leased building was entirely destroyed so as to nullify the lease, which contains a provision as follows:

"This lease shall become null and void in the event said building should be entirely destroyed by fire or other casualty, or in the event the building should be condemned and ordered torn down or removed by due process of law, and the liability of the lessee for the rents thereafter accruing shall cease upon the happening of said events."

The lease makes provision for rent should the building be damaged by fire to the extent of 50% or more.

No contention is here made by appellant that she was liable for partial rent under some contingencies of the agreement. In the absence of such contention, we will address our observation to the issue that appellant was not liable for any subsequent rent because the building was entirely destroyed by fire.

The aforementioned provision nullifying the rental agreement in the event the building, the subject of the lease, is entirely destroyed by fire is comparable to the common-law rule that relieves the lessee of his obligation to pay rent on a commercial building totally destroyed by fire, so that nothing remains capable of being held or enjoyed. See Cook v. Anderson, 85 Ala. 99, 4 So. 713, from which we quote as follows:

"The settled rule is that a lessee of premises destroyed during the term by unavoidable accident is not relieved from an express promise or covenant to pay rent, unless he protects himself by a stipulation that the rent shall cease in such event, or unless the lessor covenants to rebuild or repair, *or unless the destruction is of the entire subject matter of the lease, so that nothing remains capable of being held or enjoyed, which operates a dissolution of the tenancy.* Chamberlain v. Godfrey, 50 Ala. 530; Warren v. Wagner, 75 Ala. 188. The destruction was not entire. Only a portion of the building was damaged. The defendants remained in possession of, and enjoyed that part of the building which was not destroyed, keeping a small portion of their goods therein. The plaintiff was entitled to recover unless some available defense exists other than the partial destruction of the building." (Emphasis supplied.)

Paraphasing the holding in the case of Corbett v. Spring Garden Insurance Co., 40 App.Div. 628, 58 N.Y.S. 148, Id., 167 N.Y. 596, 60 N.E. 1109, we find from the undisputed evidence and photographs in evidence that the building, the subject of the lease in the case at bar, though some part of it was left standing; namely, the defaced walls, the projector room and the lobby, lost its character as a building, was totally unfit and unsuitable for use or occupation either as a picture show or a furni-

ture store, was incapable of being held or enjoyed, and instead thereof, became a broken mass, or so far in that condition that it could not properly, after the fire, be designated as a building. We think the destruction was so complete as to bring it within the meaning of an entire loss or an entire destruction by fire, as the term is used in the contract and at common law. O'Byrne v. Henley, 161 Ala. 620, 50 So. 83, 23 L.R.A., N.S., 496.

■ While there is a favorable presumption attending the trial court's findings on disputed evidence heard orally before him, there is no such presumption attending his construction of the facts (Lassiter & Company v. Nixon, 218 Ala. 484, 487, 119 So. 17), nor where his conclusion rests on facts indisputably established. Henderson v. Henderson, 228 Ala. 438, 153 So. 646. If the trial court took an erroneous view of the law as applied to the facts, the rule of presumption does not obtain. Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Turner v. Turner, 251 Ala. 295, 37 So.2d 186. We are impressed that such is the case here and that the capable and learned trial judge erroneously applied the principles of law here obtaining to the undisputed evidence as to the condition of the building immediately after the fire and before it was rebuilt.

On remandment of this cause, the trial court will vacate the judgment for the plaintiff and render judgment for the defendant.

The judgment from which this appeal was taken should be, and it is, reversed and remanded for action by the trial court in accordance with this opinion.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LAWSON, SIMPSON, GOODWYN and HARWOOD, JJ., concur.