227 So.2d 131

**Kearney SMITH**

**v.**

**McCAIN BOILER AND ENGINEERING CO., Inc., et al.**

**6 Div. 452.**

Supreme Court of Alabama.

Sept. 25, 1969.

Cato & Hicks, Birmingham, for appellant.

Locke & Locke, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

This suit was filed by Kearney Smith, the appellant, in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, against McCain Boiler and Engineering Company, Inc., a Corporation, Wayne McCain and J. H. McCain, seeking a mechanic's lien on the property described in the bill of complaint.

The respondents' (appellees) demurrer to the bill of complaint was overruled. The appellees answered and filed a cross bill. By their answer, the appellees substantially denied the allegations of the bill of complaint. They also filed a cross bill seeking to specifically perform the contract entered into by Kearney Smith, or, in the alternative, damages in the amount of $9,000.00.

The trial was had in the court below before Honorable Robert Giles on testimony taken ore tenus before the trial court. The trial court entered, in pertinent part, the following decree:

"FINAL DECREE

"THIS CAUSE heretofore duly came on to be heard, argued and submitted upon pleadings and proof as noted for final decree, and upon consideration of the same the Court is of the opinion that the following decree ought to be and is hereby rendered thereon.

\*    \*    \*    \*    \*    \*

"The Court has found resolution of this controversy to be difficult. The testimony is highty detailed, complex, ambiguous and gravely conflicting. The ends of justice would seem to require, in order to avoid running the risk of doing a substantial injustice to either party, that they be left in the situation in which they had placed themselves prior to the filing of the bill, which is to say that affirmative relief both under the bill as amended, and under the cross-bill as amended should be denied, with the exception of a small and severable item of $330.00 for gas air conditioning installed for the respondents by complainant as an extra, which is entirely severable from performance of the main contract.

"It is therefore accordingly ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1.    That complainant Kearney Smith have and recover of the respondent, McCain Boiler and Engineering Company, Inc., a corporation, the sum of $330.-00 for which let execution issue.

"2.    Except as provided in the next preceding paragraph, the complainant Kearney Smith is not entitled to relief, and same hereby is denied.

"3.    That respondents and cross-complainants, J. H. McCain, Wayne McCain; Mrs. J. H. McCain, and McCain Boiler and Engineering Company, Inc., a corporation, are not entitled to any relief as against the complainant and cross-re-

spondent Kearney Smith, and that such relief be and it hereby is denied.

"4.    That the costs of this cause be and the same hereby are taxed one-half (½) against complainant and one-half (½) against resondents, for which let executions issue.

"DONE AND ORDERED this the 17th day of February, 1967.

"Robert C. Giles

Circuit Judge in Equity Sitting."

The cause was argued before this Court and submitted on motions and merits. The motion referred to was made by appellees and had for its purpose the dismissal of the appeal on grounds stated therein. We have reached the conclusion that the decree of the lower court must be affirmed and for this reason pretermit a consideration of said motions.

We make no effort to set out the evidence contained in this transcript of over 500 pages. Suffice it to say, in the language of Judge Giles "The testimony is highly detailed, complex, ambiguous and gravely conflicting."

The main question before us is whether or not the evidence supports the finding of the trial court. At the outset, therefore, we must point out that the trial court, sitting without a jury in this case, heard the evidence ore tenus, and it is axiomatic in such cases that a presumption of correctness must be indulged unless to do so would result in a gross miscarriage of justice. Consequently, unless the trial court's decision is shown to be palpably wrong and unjust and contrary to the great weight of the evidence, its decision should be affirmed. Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822; Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7; Deese v. Odom, 283 Ala. 420, 218 So.2d 134.

It is also axiomatic that assignments of error not argued in brief are waived. There are 13 assignments of error but only

the first 8 assignments are argued in brief, therefore, assignments of error 9, 10, 11, 12 and 13 are waived and will not be considered. The first 8 assignments of error are:

"1. For that the final decree is contrary to the law in the case.

"2. For that the final decree is contrary to the evidence in the case.

"3. For that the final decree is contrary to the law and the evidence in the case.

"4. For that the final decree is not supported by the evidence in the case.

"5. For that the Court erred to reverse in denying the Complainant the relief prayed for in the Bill of Complaint as amended.

"6. For that the Court erred to reverse in not entering a Decree fixing a lien upon the property described in the Bill of Complaint.

"7. For that the Court erred in not awarding the Appellant the sum of $7,114.64.

"8. For that the Decree awarding the Complainant the sum of $330.00 is totally and grossly inadequate."

Assignments of error 1, 2, 3 and 4 charge error in that the decree is (1) "contrary to the law in the case," (2) "contrary to the evidence," (3) contrary to the law and the evidence," and (4) "not supported by the evidence."

We have repeatedly held that this type of assignment of error is without merit and presents nothing for review. National Assn. for the Advancement of Colored People v. State of Alabama, 274 Ala. 544, 150 So.2d 677, and cases there cited.

Assignments of error 5, 6 and 7 are set out above and need no repetition here. We lay aside the question of whether or not these assignments of error are likewise too general and present nothing for review by the Supreme Court. These assignments of error are without merit because of the well-established and oft-repeated rule that where evidence is heard ore tenus before the trial court its rulings will not be disturbed unless palpably wrong and unjust. Authorities, supra.

Assignment of error No. 8 is "that the Decree awarding the complainant the sum of $330.00 is totally and grossly inadequate."

The decree of the trial court specifically shows why the sum of $330.00 was awarded the complainant and is a separate item fully explained in the decree, and no reversible error intervened in this finding of fact by the trial court.

Appellant cites the cases of Lassiter and Company v. Nixon, 218 Ala. 484, 119 So. 17, and Waters v. Merritt, 277 Ala. 346, 170 So.2d 492, and states: "It has long been established that there is no presumption of correctness attending the trial court's construction of the facts, when the trial court hears the evidence without a jury, nor is there a presumption of correctness as to the conclusions that rest on an (sic) indisputable facts that are established." These authorities are inapt. In Waters v. Merritt, supra, this Court said:

"While there is a favorable presumption attending the trial court's findings on disputed evidence heard orally before him, there is no such presumption attending his construction of the facts (Lassiter & Company v. Nixon, 218 Ala. 484, 487, 119 So. 17), nor where his conclusion rests on facts indisputably established. Henderson v. Henderson, 228 Ala. 438, 153 So. 646. If the trial court took an erroneous view of the law as applied to the facts, the rule of presumption does not obtain. * * *"

That is not the case presented here by the evidence and findings of the trial court.

This disposes of all the argued assignments of error. The decree of the lower court is due to be, and is, affirmed.

Affirmed.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.