STEAGALL, Justice.
Plaintiff, Betty Jean Vettenburg Harris, and defendant, Tom Curtis Vettenburg, appeal from a final judgment rendered in an action of ejectment.
Harris and Vettenburg were married in 1958. In 1966, the couple purchased a house and lot located at 5721 Old Leeds Road in Irondale. The warranty deed, the only document in evidence concerning the sale of the property or purporting to convey title, conveys title to “B.J. Vetten-burg.” In 1968, Harris and Vettenburg separated and were divorced. The divorce decree was silent as to the effect of the divorce on the title to the property. Following the separation and divorce, Harris resided elsewhere but continued to make mortgage payments, which included property taxes and insurance, through December 1968. These payment checks were signed by Harris as “B.J. Vettenburg” on checks from a joint checking account designated “B.J. Vettenburg or Curtis Vetten-burg.” Vettenburg continued to reside in the house and paid the remainder of the mortgage and tax payments, with the exception of 1986, when Harris paid property taxes. In 1988, the mortgage was paid in full. Tom Curtis Vettenburg never received title, nor was the property ever listed in his name for tax purposes.
On October 15, 1987, Harris filed suit against Vettenburg, seeking to eject him from the property and seeking damages for the detention thereof. Vettenburg filed a counterclaim, seeking to acquire legal title to the property by adverse possession pursuant to Ala.Code 1975, § 6-6-560. Following the denial of Harris’s motion for summary judgment, the trial court heard ore tenus evidence. The trial court determined that Harris had legal title as the named “B.J. Vettenburg” but denied her the right of immediate possession of the property. The trial judge stated:
“I find that by her conduct over the last eighteen years that there does not exist a right of immediate possession in Ms. Harris, that by consent, understanding, Mr. Vettenburg has paid payments, and has otherwise attended to the house with the understanding and reliance that he be entitled to stay in that house so long as he chooses to or so long as he lives.”
The trial judge further stated in his final order:
“[B]y virtue of implied agreement between the parties, the defendant, Tom Curtis Vettenburg, is entitled to live in the house until by death, voluntarily moving from the house,’ condemnation, or other reason he shall stop making the premises his full-time residence. At such time, any right of occupancy by defendant shall cease.”
As to Vettenburg’s counterclaim, the trial court found that “Mr. Vettenburg could not acquire title by prescription nor has twenty years passed so that he could acquire title by nonstatutory prescription” and the court rendered judgment on the counterclaim in favor of Harris. Both Harris and Vettenburg appeal from the trial court’s judgment holding Harris to be legal titleholder to the property, yet denying her immediate possession thereof.
This Court has previously stated:
*1038 “[W]here the trial court hears [ore tenus evidence], its judgment is presumed correct unless the court took an erroneous view of the law as applied to the facts, Waters v. Merritt, 277 Ala. 346, 170 So.2d 492 (1964), or unless the facts found are palpably wrong or manifestly unjust. Sterling Oil of Oklahoma v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).”
Smith v. Style Advertising, Inc., 470 So.2d 1194, 1196 (Ala.1985).
Harris argues that the trial court took an erroneous view of the law applicable to the facts regarding her right to possession and, therefore, that no presumption of correctness attaches to its judgment on that issue. She also asserts that there was insufficient evidence to support the trial court’s finding that there was an implied agreement between her and Vettenburg. We agree.
“In Alabama, ejectment is a favored action for the trial of title to land. This case, a statutory action in the nature of ejectment, § 6-6-280(b), Code 1975, is mixed, in that it is in rem as to title and in 'personam insofar as damages sought for detention. Such action clearly calls for a legal determination, not an equitable one.”
Lee v. Jefferson, 435 So.2d 1240,1242 (Ala.1983) (citations omitted).
“As at common law, the plaintiff must prevail on the strength of his own legal title or claim to possession and not on the weakness of the defendant’s. Miller v. Jones, 280 Ala. 612, 196 So.2d 866 (1967). Although he may, the defendant is not required to show legal title or a right to possession in himself. Therefore, even against one with no title or right to possession, the plaintiff cannot prevail unless he meets his burden of proof. 25 Am.Jur.2d Ejectment § 19 (1966).”
MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493, 497 (Ala.1985).
After a thorough review of the record, we find that the trial court did not take an erroneous view of the law applicable to the facts regarding title. The warranty deed conveys title to the property to “B.J. Vettenburg.” Harris stated in her testimony that she was known to some people, including her husband at that time, as “B.J.” The checks for the mortgage payments on the property were signed by Harris as “B.J. Vettenburg.” Vettenburg admitted that he had never been known as “B.J. Vettenburg.” From this evidence, we cannot say that the trial court’s finding that Harris was the “B.J. Vettenburg” designated on the warranty deed and that she possessed legal title to the property was palpably wrong or manifestly unjust.
The trial court erred in finding that although Harris was the legal titleholder of the property, she did not have the right of immediate possession of the property because of an implied agreement between her and Vettenburg. No agreement was alleged and no evidence was presented at trial of any agreement, express or implied, between Harris and Vettenburg. Where, as here, “the plaintiff shows a superior legal title, absent any legal defenses, [s]he must recover without regard to any equities between the parties.” Lee v. Jefferson, supra, at 1242 (citation omitted).
In view of the foregoing, we affirm that part of the trial court's judgment finding Harris to be the legal titleholder; we reverse that part of the trial court’s judgment that denied Harris immediate possession of the property, and we render judgment for her on that issue; but we remand the case for the trial judge, in the exercise of a sound discretion, to consider the question of an equitable balancing of the interests to account for the payments Vetten-burg made on the property.
88-347 REVERSED; JUDGMENT RENDERED AS TO ISSUE OF POSSESSION; REMANDED WITH DIRECTIONS.
88-483 AFFIRMED.
HORNSBY, C.J., and MADDOX,. ALMON and ADAMS, JJ., concur.