359 P.2d 520

**Morris H. McCLENDON, as Administrator of the Estate of Carl C. Halladay and as personal representative of Carl C. Halladay, deceased, Plaintiff-Appellant,**

**v.**

**VALLEY LUMBER CO., Inc. (NSL), a New Mexico Corporation, Defendant-Appellee.**

**No. 6793.**

Supreme Court of New Mexico.

Feb. 14, 1961.

Brenton, Boyce, Otto & Fettinger, Alamogordo, for appellant.

Shipley, Seller & Whorton, Alamogordo, Neal B. Watson, Artesia, D. D. Archer, Artesia, for appellee.

COMPTON, Chief Justice.

This action was brought under the provisions of the Wrongful Death Statute, § 22–20–3, 1953 Comp., in which appellant asserted two causes of action. The second cause of action is as follows:

"1. That the Plaintiff is the duly authorized personal representative of Carl C. Halladay, deceased, and was so appointed by the Probate Court of Lincoln County, State of New Mexico, on the 20th day of January, 1958, and that a true copy of said appointment is attached herein and made a part hereof by reference.

"2. That the defendant is a New Mexico Corporation, duly organized under the laws of the State of New Mexico, with its office in Artesia, Eddy County, New Mexico, and that the Defendant Corporation is the owner and operator of a logging mill and site located in Lincoln County, New Mexico.

"3. That the incident hereafter alleged, in which Carl C. Halladay was killed occurred in the County of Lincoln, State of New Mexico.

"4. That at all times herein mentioned, the said Carl C. Halladay, owned and operated a logging truck, and was engaged in stumpage contracting and as a part of said business sold logs to the mill and mill site of the Defendant.

"5. That under the contract between the deceased Carl C. Halladay and the Defendant Corporation for the sale of logs to the Defendant, the logs were unloaded at the mill and mill site of the Defendant Corporation, located near Hollywood, New Mexico.

"6. That the unloading of the logs alleged in the paragraph next preceding was under the exclusive control, direction, and supervision of the Defendant Corporation, acting through its employees, who were, at all times mentioned herein, acting within the scope of their employment.

"7. That on or about the 16th day of December, 1957, at approximately 10:00 A.M., the said Carl C. Halladay was walking toward the front of his truck while the logs were being unloaded therefrom. Then and there as a result of the negligence of the servant and employee of the Defendant, one Tommy Olson, the top logs of the load on said truck were negligently pushed and dislodged therefrom by the operator of said machine, forcing them to fall from the truck upon the said Carl C. Halladay, causing the said Carl C. Halladay to be instantly killed.

"8. That if the deceased Carl C. Halladay was in any manner negligent, which is hereby denied, then Plaintiff alleges that the Defendant, by its agents and servants, at a time prior to

the logs rolling off the said truck, saw, or by the exercise of ordinary care, could and should have seen that Carl C. Halladay was in a position of imminent peril of being killed as herein alleged, in sufficient time, by the exercise of ordinary care, to have prevented the logs from falling on said Carl C. Halladay by either:

"1. Not stepping on the unloading machine.

"2. Not starting the engine on said unloading machine.

"3. Calling to said Carl C. Halladay warning him of the danger.

"9. That by doing any one or more of the acts, set out in the paragraph next preceding, the Defendant, by its agents and servants, could have prevented, Carl C. Halladay from being killed; but that the Defendant, by its agents and servants, negligently failed to do any one or more of the above acts.

"10. That the death of Carl C. Halladay was the direct and proximate result of the negligence of the Defendant's servants and employees as hereinbefore alleged, acting in the scope and course of their employment in failing to do any one or more of the acts set out in paragraph 8 hereof.

"11. That the deceased, Carl C. Halladay, left surviving him his widow, Mary M. Halladay, and two minor children, Danny R. Halladay, age 5, and Steven C. Halladay, age 3, all of whom were dependent upon him for support and who prior to his death were being supported by him in the manner befitting the wife and children of a person of the decedent's means. At the time of his death, the decedent was 28 years of age, in good health, of good habits, able, intelligent and capable of earning a substantial income. The decedent was engaged in his own business of stumpage contracting, from which, as a result of his own skill and labor, he earned approximately the sum of $6,000.00 per year, which sum could reasonably be expected to increase in the future. As a result of the Defendant's negligence as hereinbefore alleged, the deceased has been damaged in the sum of $300,000.00."

The first cause of action is substantially the same as the second, except it did not contain sections 8, 9 and 10 as stated in the second cause. Issue was joined on both causes of action by a general denial. Appellee also pleaded contributory negligence, assumption of risk and unavoidable accident.

Following a pretrial conference, the court, over appellant's objection, dismissed the second cause of action for failure to state grounds for relief. The case was

then tried to a jury on the issue raised by the first cause of action and, at the conclusion of the appellant's case, the court directed a verdict for appellee on the ground that appellant's intestate was guilty of contributory negligence as a matter of law. From the rulings of the court, this appeal follows.

To detail the facts as proved by plaintiff would serve no useful purpose. Inasmuch as we recognize that under plaintiff's proof the minds of reasonable men could differ on the question of whether or not defendant's employee was negligent and whether or not decedent was contributorily negligent, we conclude that under the rules long followed by this court, it was error to instruct a verdict for defendant at the close of plaintiff's case. Terry v. Bisswell, 64 N.M. 153, 326 P.2d 89, 94; Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765; Williams v. Neff, 64 N.M. 182, 326 P.2d 1073. In addition, the second cause of action stated grounds for relief, and the court erred in dismissing the same.

Appellant advised the court at the pretrial conference that he elected to stand on his second cause of action. Obviously this was done in order to invoke the doctrine of last clear chance. While the allegations in this regard perhaps were not as skilfully drawn as one would like, nevertheless, allegations 8, 9 and 10 were specific enough to bring factual situations within the scope of the doctrine.

The judgment is reversed with direction to set aside the directed verdict, reinstate the second cause of action, and grant appellant a new trial.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.