256 So.2d 193

**Harris Paul POOLE, Administrator of the Estate of Merline Poole, Deceased,**

v.

**LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.**

4 Div. 40.

Court of Civil Appeals of Alabama.

Dec. 1, 1971.

Rehearing Denied Dec. 22, 1971.

William D. Melton, Evergreen, for appellant.

Albrittons & Rankin, Andalusia, for appellee.

**WRIGHT, Judge.**

Suit below was upon two insurance policies insuring the life of Windon W. Palmer against death by accident. Plaintiff's intestate was the beneficiary of the policies. Upon trial by jury, verdict and judgment was in favor of defendant, Life & Casualty Insurance Company of Tennessee.

At trial plaintiff made out a prima facie case by presenting a stipulation as to the policies sued upon, their being in force and proper notice of death having been given, together with letters of administration on the estate of the beneficiary, Merline Poole, and a death certificate showing date and cause of death of the insured. With this evidence plaintiff rested.

Defendant presented in evidence the deposition of Doctor Robert Vickery and medical records from Andalusia Hospital. Certain portions of the records from the hospital were read by counsel to the jury. Objection to such reading was overruled by the court.

Pleading was in short by consent and the general issue was presented as to whether or not the death of the insured was due to bodily injury effected solely through violent, external and accidental means and "not caused directly or indirectly from, or contributed to, by, bodily or mental infirmities or disease in any form * * *"

The hospital records introduced contained entries indicating the deceased was admitted to the emergency room at 5:00 p. m. on December 24, 1967. His history was that he had been drinking heavily for several days. He stated he had a seizure and fell to the ground, striking his head on the highway. As a result he suffered lacerations and contusions of the forehead requiring some 25 stitches to close. X-rays of the head and spine were normal. On December 25, the insured suffered delirium tremens so badly as to require two policemen to put him in a strait jacket for restraint. He died at 8:50 a. m. on the morning of December 27, 1967. The attending physician's entry in the hospital record lists nine findings as a part of his final diagnosis. Autopsy was performed and a report of its results are included in the records introduced into evidence. The certificate of death states the immediate cause of death to be "cerebral edema, severe diffuse" due to "cerebral concussion." The comment of the pathologist who performed the autopsy was as follows:

"COMMENT: The cause of death in this case was probably cerebral edema and multiple petechial brain hemorrhages suggesting some kind of a force injury to the head. The absence of the heart and lungs at this autopsy prevents the exclusion of two of the most common causes of sudden death in adults. The most common cause of sudden death in adults is coronary artery disease with myocardial infarction and the occurrence of sudden pulmonary embolism is also a frequent cause of rather sudden death * * *"

Appellant first assigns as error the reading of portions of the hospital records to the jury after their admission into evidence. Counsel for defendant was allowed to read from the records over the objection of appellant. Appellant's objection was that such reading unduly emphasized the portions selected to be read. The court, in response to the objection, stated that it would consider specific objections to anything read which appellant considered to be inadmissible.

Appellant's contention is that any reading to the jury of documentary evidence after admission into evidence and before argument to the jury is improper. Such contention is incorrect. We know of no restriction upon reading to the jury at time of introduction or during argument of documentary evidence properly admitted in evidence. It was stated in Bailey v. Tennessee Coal, Iron and Railroad Co., 261 Ala. 526, 75 So.2d 117, that there was no fatal error in allowing the reading from a hospital record prior to the introduction of the record itself, if such record was subsequently introduced in evidence. To contend that records may be read to the jury in final argument, but not at the time of their introduction has no basis in logic.

In Fillman v. State, 41 Ala.App. 175, 127 So.2d 628, it was held that the curtailing of the reading of admitted documentary evidence to the jury was reversible error. The fact that such evidence could have been read during argument to the jury did not prevent error. Duke v. Cahawba Nav. Co., 10 Ala. 82.

We hold assignment of error 3 invalid.

During the reading of the hospital record, appellant objected to a statement therein preceded by the word "apparently." The stated objection was as follows: "I object to it on the grounds that he is reading things preceded by 'apparently,' and a witness can't testify to apparently, and I object to it on that ground."

The ground of objection stated is not argued in brief. It has long been the rule that if a specific ground of objection is stated, all other grounds are considered waived and are not available as basis for error on appeal. Central of Ga. Ry. Co. v. Wilson, 215 Ala. 612, 111 So. 901. It is further the rule that assignments of error not argued on appeal are waived. It was stated in Cook v. Latimer, 279 Ala. 294, 184 So.2d 807 as follows: "* * * Accordingly, the ground argued, which was not assigned when the objection was made, cannot be considered; and the ground assigned when the objection was made cannot be considered because it is not argued."

We consider assignment of error 4 waived under Supreme Court Rule 9.

Assignments of error 5 and 1 are respectively, that the court erred in refusal of the written requested general affirmative charge and denial of a motion for new trial.

Appellant contends that the affirmative charge was due to be given for there was no contrary evidence to the prima facie case as to the cause of death as shown by the death certificate. We have carefully considered the evidence and find that we cannot agree with appellant's contention. As in all cases of appeal from the refusal of the trial court to give the affirmative charge for appellant, we view the evidence in light most favorable to the appellee, and the action of the trial court will be affirmed if reasonable inferences may be drawn from the evidence adverse to the appellant. Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187.

The presentation by appellant of a death certificate provided only prima facie evidence of the cause of death. Title 7, Section 386, Code of Alabama 1940. Such prima facie case was subject to be rebutted by legal evidence. It further was the burden of appellant to present evidence that the injury resulting in the death of the insured was within the terms of the policy. In this case, under the terms of the policies, that burden consisted of showing by the evidence that the death of the insured was due to bodily injury effected solely through violent, external and accidental means and that it was not caused directly or indirectly from or contributed to by bodily or mental infirmities or disease in any form. Inter-Ocean Cas. Co. v. Jordan, 227 Ala. 383, 150 So. 147.

We have previously pointed out that the hospital records showed that the history of the insured's injury was that he fell and hit his head while undergoing an

epileptic seizure. The court may take judicial notice that epilepsy is a disease. The records further provided evidence that the insured had been drinking heavily for several days and prior to death suffered delirium tremens. The evidence was sufficient to reasonably infer that the delirium tremens resulted from excessive and prolonged use of alcohol. The autopsy report indicated that the liver of the insured was in the first stages of cirrhosis. From the evidence of delirium tremens and the condition of the liver, it could be reasonably inferred that the insured suffered from alcoholism. Alcoholism is a disease according to the testimony of the attending physician.

With such evidence, it was for the jury to determine whether the death of the insured was caused solely by accidental means without contribution directly or indirectly from disease. The court properly refused the written charge and motion for new trial on this ground.

■ Assignment of error 7 complains of the giving of defendant's following written charge:

"Defendant's Charge No. 12. The Court charges the Jury, that if you are reasonably satisfied from the evidence in this case that alcoholism directly or indirectly caused or contributed to the death of the insured, then you cannot return a verdict in favor of the plaintiff, * * *"

This charge is attacked by appellant on two points—First, that there was no evidence of alcoholism, and second, that assuming evidence of alcoholism, the charge incorrectly states the applicable law. Appellant contends that the charge that a finding from the evidence that "alcoholism directly or indirectly caused or contributed to the death" is not the correct requirement of proof. Appellant argues that though the words "directly or indirectly caused or contributed to the death" are the words of the policy, they have been construed to mean an efficient cause not a remote cause. We find no error in the giv-

ing of the charge written in the exclusionary terms of the policy. They properly described elements of proof required for coverage by the policy.

■ The legal import of the words "directly or indirectly caused by or contributed to" which may have been designated by the courts was a proper subject for an explanatory charge by the appellee. We do not decide here if such words have a legal connotation other than their ordinary and accepted meaning. Such decision is unnecessary here. Even if it be accepted that charge 12 was abstract or incomplete for failure of full definition, such shortcoming would not require reversal. It could easily have been supplemented and its terms properly defined by explanatory charge. Russell v. Relax-A–Cizor Sales, 274 Ala. 244, 147 So.2d 279.

We have already answered appellant's first objection to the charge. There was evidence from which the jury could reasonably infer the infection of the insured with the disease of alcoholism.

The judgment below is

Affirmed.