[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 121 
This is an appeal by the defendants, Elba Wood Products, Inc. and C.G. Nicholson, from a $30,000 judgment based on a jury verdict awarded to plaintiffs, Guy E. Brackin and United States Fidelity and Guaranty Company (USFG), by the Circuit Court of Coffee County. We affirm.
Plaintiff Brackin, of Enterprise, is an experienced log truck driver in his mid-thirties, employed by his brother, R.M. Brackin, d/b/a Brackin Timber Company. On May 16, 1973, while on defendant Elba Wood Products' woodyard in Elba, plaintiff was injured by a log which fell from plaintiff's truck as the truck was about to be unloaded. As a result of the accident plaintiff's right leg was broken, and his left leg was so severely injured that it had to be amputated.
Plaintiff brought suit alleging that defendants were negligent and/or subsequently negligent in causing or allowing a portion of the logs to fall from the truck and/or failing to provide protection for the plaintiff or assistance to the plaintiff with and by the use of a forklift. The defendants contended that the plaintiff was guilty of contributory negligence and/or subsequent contributory negligence, alleging that plaintiff commenced and continued with the unloading procedure knowing that the forklift was not yet braced against the logs and thus could not provide protection for the plaintiff.
The defendants' first motion to dismiss was granted. The plaintiff then amended his complaint to add as party-plaintiff USFG, the workmen's compensation carrier for plaintiff's employer. USFG appeared and claimed in subrogation the sum of $14,356.75. Defendants' second motion to dismiss was denied. Defendants' answer was a general denial and a plea of contributory negligence on the part of the plaintiff.
At the conclusion of plaintiff's (Brackin's) case, defendants' motion for a directed verdict was denied. At the close of all evidence defendants refiled the motion for directed verdict and again it was denied. After the jury verdict in plaintiff's favor and the judgment thereon, defendants filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. Both motions were denied, whereupon defendants perfected this appeal. *Page 122 
Defendants raise four issues:
1. Whether plaintiff presented sufficient evidence to carry his burden of proof.
2. Whether evidence tending to show improper medical treatment by the hospital was admissible.
3. Whether a charge to the jury that the plaintiff might recover if the jury believed "the truthfulness of plaintiff's claim" was proper.
4. Whether plaintiff proved any entitlement to a recovery for future medical expenses.
The first issue raised by defendants is that the plaintiff failed to present sufficient proof to carry his burden of proof on alleged negligence and/or subsequent negligence of the defendants.
On many previous occasions this Court has stated the requisite elements of negligence and subsequent negligence. "Negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247 (1969). In every action grounded upon negligence there are three essential elements to a right of recovery. First, a duty owed by the defendant to the plaintiff; second, a breach of that duty; and third, an injury to plaintiff in consequence of that breach.Sammons v. Garner, 284 Ala. 131, 222 So.2d 717 (1969). To predicate liability on "subsequent negligence" it must be shown that plaintiff was in peril and that defendant had actual knowledge of plaintiff's peril but negligently failed to prevent the accident when he had the means available to do so.Scotch Lumber Co. v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972);Hulsey v. Illinois Central R. Co., 242 Ala. 136, 5 So.2d 403
(1942).
Under the facts of this case, plaintiff was a "business invitee" of defendants. Winn-Dixie Montgomery, Inc. v. Rowell,52 Ala. App. 1, 288 So.2d 785, cert. den., 292 Ala. 758,288 So.2d 792 (1973). See Annotation, 86 A.L.R.2d 1399 (1962).Accord, Nowell v. Harris, 219 Miss. 363, 68 So.2d 464 (1953), where a truck driver delivering lumber for his employer to the buyer's lumber yard was a "business invitee" of lumber yard operators. Thus defendants owed plaintiff the duty not to injure him negligently, willfully or wantonly. Farmers' andMerchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406
(1928).
Whether there is negligence on the part of an invitor or invitee necessarily depends upon all the facts and circumstances in each particular case. First National Bank ofMobile v. Ambrose, 270 Ala. 371, 119 So.2d 18 (1960).
The facts in this case show that the plaintiff had never been to the defendants' woodyard prior to the day of the injury. Plaintiff's log truck, which was specifically designed to carry logs, had been loaded by plaintiff's employer and driven to the woodyard by plaintiff. The logs were weighed on the woodyard's scales and purchased by defendants. Defendants then told plaintiff that he should drive his truck to a designated unloading site, and that a forklift would be sent to assist in the unloading. Plaintiff proceeded to the designated site which was fifty to one hundred yards from the scales, and got out of the truck, leaving the motor running. Then he began unbinding the logs while he waited for the forklift to arrive.
The load consisted of logs 14 to 16 feet in length with diameters of 8 inches and larger. These logs were loaded "lengthwise" on plaintiff's single-axle, poled trailer, in such a way that the lengths of the logs ran from the front of the trailer to the rear. The logs were secured by chains and binders wrapped around each end of the load. On each side of the trailer were 2 upright standards, or bolsters, which held the load on the trailer.
The unloading procedure required that the chains and binders be removed and that the bolsters be "tripped" from the left to the right by the plaintiff standing on the left side of the truck so that the logs would fall off on the right side of the truck. Defendant Nicholson was to operate the *Page 123 
forklift which would brace the load while plaintiff tripped the bolsters, to prevent the logs from falling on the left side, where both plaintiff and defendant Nicholson were located. The tripping of the bolsters would then allow the logs to be pushed off the truck by the forklift onto the ground on the side away from the workers. Brackin testified that during the unloading procedure he was required to face the truck so that he could position the metal bar which would trip the bolsters.
Both parties agreed that in order for the forklift to provide protection it had to be directly against, and touching, the logs.
Unfortunately, before the unloading was completed, the top log on plaintiff's truck fell on the left side of the truck, grievously injuring plaintiff as he attempted to trip the bolsters. What caused the log to fall was not directly established. Plaintiff presented testimony tending to show that defendant Nicholson had arrived with the forklift, that the forklift was positioned 6 to 8 feet (the length of the prongs on the forklift) behind plaintiff, and that Nicholson had gotten out of the driver's seat to stand on the running board of the forklift, leaving the motor of the forklift running. Defendants presented testimony tending to show that the forklift was still enroute to the truck, and was 15 to 20 feet away from the truck when the accident occurred. Thus the principal conflict in the testimony concerns the distance of the forklift from the truck when the log fell upon plaintiff.
It is fundamental in Alabama law that on appeal the Court does not weigh the evidence regarding its reasonably satisfying effect on the issue tendered, but rather indulges all favorable presumptions to sustain the trial court's conclusion, and will not disturb that conclusion unless it is plainly erroneous or manifestly unjust. Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). And upon appeal from the refusal of the trial court to give the affirmative charge for appellants, we have held that the evidence must be viewed in a light most favorable to appellees, and the action of the trial court will be affirmed if a reasonable inference to the appellants may be drawn from the evidence. Ramos v. Fell, 272 Ala. 53, 128 So.2d 481 (1961);Poole v. Life and Casualty Insurance Co. of Tennessee,47 Ala. App. 453, 256 So.2d 193 (1971). The presumption in favor of the correctness of the jury's verdict is strengthened when the trial court refused to grant a motion for a new trial.Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976); Prescott v.Martin, 331 So.2d 240 (1976).
The scintilla rule prevails in Alabama, and under that rule issues in civil cases must go to the jury if the evidence, or a reasonable inference therefrom, furnishes a mere glimmer, spark or smallest trace in support of an issue. Hartford Accident andIndemnity Co. v. Cosby, 277 Ala. 596, 173 So.2d 585 (1965). Under the facts of this case, we cannot say that as a matter of law the plaintiff failed to produce a scintilla of evidence, either as to the negligence or subsequent negligence of defendants. From the evidence the jury may well have decided that the defendants owed to the plaintiff the duty of protection, that defendants breached that duty by failing to prevent the log from falling and that the breach of that duty proximately caused plaintiff's injury. Likewise, the jury reasonably may have believed that defendants had actual knowledge of plaintiff's peril, had the opportunity to prevent plaintiff's injury by use of the forklift, yet negligently failed to do so.
Proof of negligence may be established completely through circumstantial evidence, and if there is evidence that points to any plausible theory of causation, there is a basis for recovery. Green v. Reynolds Metals Co., 328 F.2d 372 (5th Cir. 1964); Harbin v. Moore, 234 Ala. 266, 175 So. 264 (1937);Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665 (1924). Where the jury's verdict is based on evidence or reasonable inferences thereon, and is not plainly erroneous, it is not the function of this Court to consider the probabilities or possibilities of other conclusions that might have been reached. *Page 124 
The trial court also considered the defendants' contentions that plaintiff was guilty of contributory negligence and/or subsequent contributory negligence. Defendants argue that their motion for a directed verdict and motion for judgment notwithstanding the verdict or in the alternative for a new trial were erroneously denied, since plaintiff commenced and continued the unloading procedure knowing that the defendants' forklift had not yet moved into position to brace the load of logs. Defendants point to plaintiff's own testimony that he "assumed" the forklift was in position or was getting into position, but he did not know for certain that it was in position.
Contributory negligence requires that the party charged have knowledge of the condition or failure, have appreciation of danger under the surrounding conditions and circumstances, and yet fail to exercise reasonable care but rather put himself into the way of danger. State Farm Mutual Auto Ins. Co. v.Dodd, 276 Ala. 410, 162 So.2d 621 (1964); Mackintosh Co. v.Wells, 218 Ala. 260, 118 So. 276 (1928). Contributory negligence is for the jury where there is a scintilla of evidence to the contrary. Nashville, Chattanooga St. LouisRailway v. Wilson, 271 Ala. 615, 126 So.2d 110 (1961). The question of whether plaintiff is guilty of contributory negligence as a matter of law arises only when facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ on the question of negligence vel non. Baptist Medical Center v.Byars, 289 Ala. 713, 271 So.2d 847 (1972). These principles of law are likewise applicable to the defense of subsequent contributory negligence.
In Dees v. Gilley, 339 So.2d 1000 (Ala. 1976), this Court stated that a victim's initial contributory negligence in placing himself in a position of peril is no defense to subsequent negligence on the part of the defendant; for a victim's negligence to be a defense to defendant's subsequent negligence, the defendant must show subsequent contributory negligence on the part of the victim, i.e., a negligent act or omission with knowledge of the then present and impending peril. Accord, Southern Ry. Co. v. Stewart, 153 Ala. 133,45 So. 51 (1907).
Under the facts of this case, we are unable to conclude that, as a matter of law, plaintiff was guilty of either contributory negligence or subsequent contributory negligence and therefore we cannot state that the case should not have been submitted to the jury. It follows that the trial court's refusal to enter a directed verdict for defendants on these grounds was not error.
Our conclusions find support in decisions in other jurisdictions when the same or similar fact-situation was presented. See McClendon v. Valley Lumber Co., 68 N.M. 127,359 P.2d 520 (1961) (directed verdict for defendant reversed; questions of causation, negligence, and contributory negligence should have been submitted to the jury); Cox v. Al PeirceLumber Co., 239 Or. 546, 398 P.2d 746 (1965) (upholding submission to jury of question of contributory negligence, and refusal of defendant's motion for directed verdict); Bryant v.Conrad, 420 S.W.2d 666 (Ky. 1967) (approving submission to jury of question of contributory negligence); Allen v. Fish,64 Wn.2d 665, 393 P.2d 621 (1964) (jury verdict finding negligence on the part of defendant upheld, despite conflicting testimony on plaintiff's alleged contributory negligence and defendant's contention that there was no evidence to support a finding of negligence); Lokey v. Pine Mtn. Lumber Co.,205 Cal.App.2d 522, 23 Cal.Rptr. 293 (1962) (contributory negligence of logging truck driver, who unfastened log binders without use of any safety device, and who was injured when log fell from truck, was question for jury); Ellis v. JohnsonLumber Co., 150 So.2d 838 (La.App. 1963) (reversing summary judgment in favor of defendant, where complaint alleged that defendants negligently failed to protect plaintiff with forklift during unloading of logs); Blaine v. Ross Lumber Co.,224 Or. 227, 355 P.2d 461 (1960) (evidence was sufficient for jury to *Page 125 
conclude that defendant's failure to furnish safe machinery for use in unloading logs was a contributing cause of accident).
The defendants contend that the trial court improperly admitted into evidence testimony concerning possible improper medical treatment received by plaintiff after the injury. On direct examination Brackin testified that after the injury he was taken to the hospital where his left leg was amputated. He further testified that he received no medical treatment to his right leg during the first week of his hospitalization, and that his right leg was not set for the first week because "they were afraid I wasn't going to make it at all." Objection to this testimony was overruled. The objection was based on the ground that any negligent treatment of plaintiff by the hospital had no bearing on the liability of defendants. Plaintiff contends that the testimony was admitted to show plaintiff's weakened and critical condition resulting from the injury and subsequent amputation of plaintiff's left leg. Plaintiff further argues that the testimony was not designed to show, nor did it show, any negligence on the part of the hospital.
The objection was properly overruled by the trial court. The plaintiff in a personal injury action may testify to physical pain suffered from and as the result of his injuries.Birmingham Railroad, Light and Power Co. v. Hunt, 200 Ala. 560,76 So. 918 (1917); Conway v. Robinson, 216 Ala. 495,113 So. 531 (1927). Where the testimony is admitted for the purpose of showing plaintiff's disability and suffering, and not for the purpose of showing improper medical treatment by the hospital to augment plaintiff's recovery (if any) from defendant, an objection should not be sustained. Southern Ry. Co. v.Lockridge, 222 Ala. 15, 130 So. 557 (1930). If there appeared any reason to apprehend that the testimony might be considered by the jury for purposes other than that for which it was admissible, the defendants should have guarded against that contingency by requesting proper instructions. Id. at 17,130 So. 557.
Defendants also contend that the trial court erred in charging the jury as follows:
 Now, the burden is on the plaintiff to reasonably satisfy you from the evidence of the truthfulness of his claim. If, after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendants. . . . On the other hand, if, after a consideration of all the evidence in the case, you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. . ..
Specifically, defendants argue that this portion of the charge would likely be misconstrued by the layman-juror to mean that the jury should return a verdict for plaintiff if the jury believes the truthfulness of plaintiff's testimony. Further, defendants contend that this and other portions of the charge ignored the defense of contributory negligence, and were abstract and misleading.
These contentions are without merit. There are numerous portions of the jury charge wherein the trial court correctly charged the jury concerning contributory negligence, and the entire charge to the jury, taken as a whole, is free of error in this regard. Central of Georgia Ry. Co. v. Thweatt, 151 Ala. 388,44 So. 380 (1907). We fail to see how the jurors could have misconstrued the plain references to the plaintiff's claim, but if the defendants entertained such a concern they could have requested explanatory charges. Shannon v.Hollingsworth, 291 Ala. 159, 279 So.2d 428 (1973); Thompson v.Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306
(1963).
Finally, defendants argue that the trial court erred in giving plaintiff's requested charge to the jury that his future medical expenses were recoverable damages. Defendants objected to this charge on the ground that there was no showing at trial that these expenses will be necessary or reasonable in amount and argue that in the absence of such proof, the jury, having no *Page 126 
evidence as to past or future medical expenses to serve as a guide, was allowed to speculate on the amount of these damages. In support of this argument defendants cite Baros v.Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961).
We disagree. The case cited by defendants is inapposite to the case at bar, where the record reveals substantial testimony as to future medical expenses. Plaintiff testified that, in the interval between the time of the injury and the time of trial, he had been fitted with an artificial leg at a cost of approximately five hundred dollars. Plaintiff further testified that the first artificial leg, also costing about five hundred dollars, was about to wear out after a year and one-half of use.
Future medical expenses are a proper element of damages in a personal injury action. Fleming v. Knowles, 272 Ala. 271,130 So.2d 326 (1961). The testimony presented by plaintiff provided a sufficient basis upon which to award as damages such expenses as being necessary and reasonable.
There being no reversible error, the judgment appealed from is due to be, and is, affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, JONES and SHORES, JJ., concur.