* Editor's Note: The opinion of the Supreme Court of Alabama in Kirby v. Jones, published in the advance sheets at this citation (367 So.2d 960) was withdrawn from this volume and will be republished.
This is an appeal from a judgment refusing to declare that a road over the lands of Boggan R. Wright, Juanita W. Davison and J. Douglas Waters was a public one and further refusing to order an obstruction removed from that road.
Appellants, Boggan R. Wright and Juanita W. Davison, and appellee, J. Douglas Waters are coterminous landowners. On 8 March 1977, Wright and Davison brought *Page 961 
suit in the Circuit Court of Baldwin County, Alabama, against Waters seeking to establish a public road over the parties' contiguous lands and to enjoin the obstruction of the road by Waters. The case was tried to a jury, special findings were submitted, and the jury determined that the road was not a public one. Judgment for Waters was entered accordingly on 17 January 1978. Appellants filed a motion for a new trial which was denied. This appeal ensued.
Appellants contend:
(1) the great preponderance of the evidence as to the character and use of the road in question will not support the verdict;
(2) the trial court erred in refusing to grant appellants' motion for a directed verdict;
(3) the trial court committed reversible error in giving orally the charge requested by Waters in written instruction No. 16, to-wit: "The Court charges you, members of the Jury, that an easement cannot be obtained by prescription unless the user be exclusive, adverse, uninterrupted, and inconsistent with the rights of the owner to its use and enjoyment";
(4) the trial court committed reversible error in refusing to give appellants' instruction No. 10 which states: "The general use of a roadway by the public for twenty years, if unexplained, raises a presumption of the existence of all the other elements and conditions necessary to create a highway by prescription";
(5) the trial court erred in limiting appellants' counsel to four to five minutes for the verification, introduction, and orientation of 47 photographs which were not cumulative and which dealt with a main or controlling fact or issue.
We have reviewed the record and cannot agree that appellants' motion for directed verdict was improperly denied or that the verdict is not supported by the evidence. On appeal from refusal of the trial court to give the affirmative charge (now a directed verdict) for appellants, evidence must be viewed in a light most favorable to appellee, and the action of the trial court will be affirmed if a reasonable inference adverse to appellants may be drawn from the evidence. Elba Wood Products,Inc. v. Brackin, 356 So.2d 119 (Ala. 1978). Similarly, where, as in the instant case, the jury's verdict is based on evidence or reasonable inferences thereon, it is not the function of this court to consider other conclusions which might have been reached. Id.
We now turn to appellants' contentions that error was committed by the trial court in instructing the jury. Because no error was preserved by proper objection, we find it impossible to determine with sufficient specificity the errors of which appellants complain. The only semblance in the record of an attempt to preserve error is found following the trial judge's oral charge, and the reading of the requested charges, at which point counsel for plaintiffs-appellants stated:
 "Judge, in your charge to the jury you described the necessity of it being adverse and then you described all the limits of possession under the rules of prescription, and I respectfully except to that portion of the court's oral charge."
As the Committee Comments to Rule 51, ARCP indicate, and our case law requires, objection to the court's charge must be "stated in other than general terms." Appellants' objection does not sufficiently identify that portion of the charge to which objection is made or adequately specify the grounds. Thus, appellants' objection fails to meet the requirements of Rule 51, ARCP.
Appellants' final contention is that the trial court erred in limiting appellants' counsel to four to five minutes for the verification, introduction, and orientation of 47 photographs. Because the record contains no mention of such limitation and a supplemental record was not certified and transmitted pursuant to Rule 10 (f), ARAP, we cannot reach the merits of this contention. *Page 962 
For the reasons stated herein, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.