HOLMES, Judge.
This is a workmen’s compensation case.
On October 7, 1983, Shirley Bailey brought an action against her employer, Gold Kist Inc., to recover permanent total disability benefits under Alabama’s Workmen’s Compensation Act.
After a hearing, the trial court concluded that the employee was not entitled to workmen’s compensation benefits. The employee appeals and we affirm.
The dispositive issue on appeal is whether there is any evidence to support the trial court’s conclusion that the employee was not entitled to recover workmen’s compensation benefits from the employer.
The record reveals the following pertinent facts: In August 1981, the employee was working at Gold Kist as a certified grader. While at work, she slipped and fell; and while attempting to break her fall, she injured her shoulder. She continued working at Gold Kist until May 1982. The employer paid temporary total disability benefits to this employee for a total of 118 weeks, with payments being through August 1, 1984. Gold Kist also paid medical expenses for the employee’s treatment.
In its order, the trial court stated that the employee was not entitled to recover permanent total disability benefits because the court was not reasonably satisfied that the employee had suffered any permanent loss of earning capacity.
On appeal, the employee contends that there is no reasonable view of the evidence to support the findings of fact made by the trial court. Finding no merit in this contention, this court affirms the trial court’s decision.
In workmen’s compensation cases, the standard of review is limited to questions of law and to determining if any legal evidence existed to support the trial court’s findings of fact. If the evidence supports the trial court’s factual findings, then this court must affirm. Wilson v. Berry Industries Co., 451 So.2d 339 (Ala.Civ.App.1984). This court cannot consider either the weight of the evidence or the propriety of the trial court’s factual findings. Martin Industries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App.1983).
From our reading of the record, we found that there was evidence to support the trial court’s findings. In her deposition, Dr. Kathryn Hoffman, who was aided by the report which outlines the results of the MMPI test evaluated by a psychologist, Dr. George Taylor, testified that the profile indicated that the employee had a longstanding behavior pattern of using bodily discomforts to gain attention rather than stating what was truly bothering her. She further testified that, in her opinion, the employee had a zero percent permanent impairment as a result of the August 1981 accident. Dr. Hoffman also stated that the lifting and carrying limitations that she assigned to the employee were due to her small size, not because of any impairment.
In view of the above, coupled with the limited standard of review, we have no alternative but to affirm the trial court’s action. “
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.