WRIGHT, Presiding Judge.
This is a workmen’s compensation case. The trial court entered a judgment in favor of the widow and dependent child of the deceased employee, entitling them to compensation under the Alabama workmen’s compensation laws. The employer contends on appeal that the evidence does not support the trial court’s conclusion that the death of the employee was work-related. He also challenges the admission of the death certificate into evidence at trial. We find evidence to support the court’s action and affirm.
The court found that George Bradford Burgett was employed as a truck driver by the appellant on April 30, 1985, and that on that date he died suddenly while putting a tarpaulin over the loaded truck. The court also found that employee’s death was the result of a sudden and unexpected heart attack brought on by the strenuous exertion of placing the tarpaulin over the truck and was accidental within the meaning of Alabama workmen’s compensation laws.
The employer argues that there was lack of evidence to indicate that the employee’s death was work-related. To establish requisite causation, a medical-factual causal connection must be demonstrated. That is, that the employee in performance of his duties on the job was exposed to a danger or risk materially in excess of that to which people not so employed were exposed, and that this danger was the cause of death. Martin Industries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App.1983).
In this case the court based its finding, that the strenuous activity engaged in by the employee in the performance of his job brought on a sudden and unexpected heart attack, on evidence which included: a death certificate stating the cause of death to be coronary occlusion; the deposition of the coroner that in his opinion the death was caused by a heart attack; the testimony of a physician in answer to a hypothetical question concerning the cause of death; and evidence of conditions and existing circumstances immediately preceding the decedent’s death.
The standard of review in workmen’s compensation cases is a narrow one, limited to questions of law and to determining if any legal evidence existed to support the trial court’s findings of facts. If there is evidence to support those findings, we must affirm. Bailey v. Gold Kist, Inc., 482 So.2d 1224 (Ala.Civ.App.1985); Martin Industries, Inc. v. Dement, supra.
We find legal evidence to support the findings of the trial court and no error in the application of law to those facts.
*1093 The employer contends that the death certificate, issued by one not a physician, was improperly admitted into evidence at trial. We find no error in such admission. Rule 44(a), A.R.Civ.P. Poole v. Life and Casualty Insurance Company of Tennessee, 47 Ala.App. 453, 256 So.2d 193 (1971). However, it has been held that under our statutory review by certiorari, rulings on admission of evidence will not be considered if it appears that the judgment is supported by legal evidence. Den-Tal-Eze Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980); Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), cert. denied, 342 So.2d 924 (Ala.1977).
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.