**Richard A. SCOTT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 97–A–1093–N.**

United States District Court,
M.D. Alabama,
Northern Division.

June 25, 1998.

**1228**

William Wayne Whatley, Jr., Montgomery, AL, for Plaintiff.

Paul Cormier, Air Force Legal Services Agency, Tort Claims and Litigation Div., Chief, Aviation Law Branch, Arlington, VA, Leura J. Garrett, Montgomery, AL, Kathrynn Stengell, Capt., Special Asst. U.S. Atty., Maxwell AFB, AL, Frank W. Hunger, Asst. Atty. Gen., U.S. Dept. of Justice, Civil Div., Washington, DC, Justin Chretien, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, Karen Schulman, U.S. Army Claims Service, Fort George G. Meade, MD, for Defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause comes before the court on Defendant, United States of America's Motion for Summary Judgment filed on May 20, 1998. The Plaintiff, Richard A. Scott, did not file an opposition to Defendant's Motion.

Plaintiff filed his Complaint in this case in the United Stated District Court for the Middle District of Alabama on July 15, 1997. In his seventeen count Complaint, Plaintiff asserts that Defendant negligently and wrongfully caused injury to his property and that if Defendant were a private person, it would be liable to Plaintiff under the laws of the State of Alabama. Consequently, Plaintiff avers that his claims arise under the Federal Tort Claims Acts, 28 U.S.C. §§ 1346(b), 2671 et seq. Therefore, this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). For the reasons stated herein, Defendant's Motion for Summary Judgment is due to be granted.

## III. *FACTS*

The evidence submitted to the court establishes the following undisputed facts:

Plaintiff, Richard A. Scott, owns and operates Cody Hill Aviary outside of Eufaula, Alabama. Cody Hill Aviary is in the business of breeding exotic birds for retail sale. Scott alleges that the negligent operation and overflight of United States military aircraft on seventeen occasions between January 29, 1995 and April 9, 1996 caused the deaths of three parrots, "addled" eggs, rendered birds infertile, and interrupted the breeding cycles of his birds.

Scott has filed eighteen separate administrative claims with the United States Air Force and the United States Army, all of which have been denied.

## IV. *DISCUSSION*

Under the Federal Tort Claims Act ("FTCA"), the sovereign immunity of the United States is waived, and the United States may be held liable for loss of property caused by the negligent or wrongful act or omission of an employee of the government acting within the scope of his employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b) (1994). Since the allegedly negligent overflights occurred in Alabama, Alabama law will apply.

 The determining factor as to the existence of a breach of duty is "whether a private person would be liable under [state] law for the same acts or omissions." *Sellfors v. United States,* 697 F.2d 1362, 1365 (11th Cir.1983). Under Alabama law, the state law applicable to this case, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances. *Elba Wood Products Inc. v. Brackin,* 356 So.2d 119, 122 (Ala. 1978); *Sanders v. Scarvey,* 224 So.2d 247 (Ala.1969). In order to prevail on a negligence claim, a plaintiff must establish three elements. First, a duty owed by the defendant to the plaintiff; second, a breach of that

duty; and third, an injury to plaintiff caused by that breach. *Elba Wood Products,* 356 So.2d at 122.

### A. Breach of Duty

Defendant apparently concedes that Scott satisfies the first element for purposes of this Motion. Therefore, the court will not address the existence of a duty of care owing from Defendant to Scott. For summary judgment purposes, the court accepts that Scott has established the first element of his prima facie case. Defendant asserts, however, that summary judgment is due to be granted on the grounds that Scott has not adduced evidence sufficient to establish the remaining elements.

 Scott alleges that Defendant breached its duty of care by flying too low over his property, and by penetrating an area encompassing his aviary declared as a "noise-sensitive area." Specifically, Scott alleges that Defendant flew below the minimum altitude permitted by the Federal Aviation Regulations (FAR).[1] See 14 C.F.R. § 91.119. Defendant argues that Scott has adduced insufficient evidence to support these allegations as to Counts Four, Five, Six, Eight, Ten, Eleven, Twelve, Thirteen, Fifteen, Sixteen, and Seventeen.

The only evidence offered to establish that the aircraft flew below FAR minimum altitudes is Scott's statements toward that end and videotaped images of aircraft which appear to be flying low. Scott dep. Vol. II, p. 238, l. 8 – p. 239, l.10. Defendant asserts, and the court agrees, that Scott's conclusory statements and opinions that the aircraft were flying too low is not evidence sufficient to establish that Defendant breached a duty of care. Similar to his conclusory statements, the videotapes have also been offered to show that the aircraft were flying at a low altitude. Scott dep. Vol. I, p. 154, l. 15 – p. 155, l. 4. However, merely flying low is not a breach of duty under Alabama law. Scott's burden at this stage is to demonstrate that Defendant's conduct fell below a certain standard of care. Even if Defendant owed Scott

---

1. Scott does not assert a negligence per se claim. *See Allen v. Delchamps, Inc.,* 624 So.2d 1065, 1067 (Ala.1993). However, Scott asserts the Regulatory specifications as evidence of the standard of care and of negligence.

a duty to maintain a certain altitude prescribed by law, Scott has not come forward with any evidence that Defendant's aircraft flew outside the prescribed parameters.[2]

Similar to his failure to adduce evidence regarding aircraft altitude, Scott has failed to offer evidence that the Defendant's aircraft breached any independent duty to restrain the noise level.[3] Because Scott has not come forward with evidence in support of his contention that Defendant breached its duty to maintain certain minimum altitudes or maximum noise levels, summary judgment is due to be granted as to Counts Four, Five, Six, Eight, Ten, Eleven, Twelve, Thirteen, Sixteen, and Seventeen.

■ Defendant next argues that summary judgment is appropriate as to Counts One and Two, which both involve allegations that fixed-wing aircraft (C–130's) violated the minimum permissible altitude. As stated above, Defendant's uncontested evidence establishes that the guidelines applicable to sparsely populated areas are relevant in this case. Those guidelines specify that fixed-wing aircraft must maintain a 500 foot slant range to persons or structures on the surface. As to Count One, Scott has not even alleged that the aircraft breached the 500 foot minimum. The administrative claim underlying that claim alleges that a C–130 "failed to maintain 1,000 ft seperation [sic] over a settlement area." Scott dep. Ex. No. 19. Based on the evidence before the court,

the FAR did not require Defendant to maintain a 1,000 foot altitude. Scott has not offered any evidence that the Defendant violated 500 foot minimum slant range. Therefore, summary judgment is due to be granted as to Count One.

■ As to Count Two, Scott testified in his deposition that he had a "vague recollection" that the C–130 passed above his property at an altitude of between 200 and 400 feet. Scott dep. Vol. II, p. 203, ll. 16–18; p. 205, l. 2. Scott further testified that the same aircraft appeared 10 to 20 degrees above the horizon. Id. According to Defendant's calculations, assuming Scott's testimony is true and accurate, the slant range of the aircraft was at least between 584 and 1,152 feet.[4] Scott's deposition testimony regarding the aircraft's angle above the horizon along with the altitude at which the C–130 passed over his aviary soundly defeats his own claim. Assuming the truth of Scott's testimony, Defendant's calculations demonstrate that Defendant's aircraft did not fall below the 500 foot minimum slant range. Therefore, Defendant's Motion for Summary Judgment as to Count Two is also due to be granted.

■ The four remaining counts, Three, Seven, Nine, and Fourteen, all allege negligent and wrongful overflight by helicopters. The FAR specify no minimum altitude for helicopters regardless of whether the surrounding area is densely or sparsely populat-

2. Out of caution, Defendant has adduced evidence that the FAR specifications for sparsely populated regions apply in this case. Defendant's evidence viewed in the light most favorable to Scott, the nonmovant, indicates that the area in which Scott's property is located qualifies as sparsely populated. See United States Statement of Undisputed Facts ¶¶ 38–43. Although Scott has alleged that his property was located in a congested area, Scott has not offered any supporting evidence. Scott dep. Vol. II, p. 183, ll. 6–10.

Over sparsely populated areas, there is no altitude restriction. Fixed-wing aircraft must maintain a direct-line 500 foot distance (i.e., "slant range") from any person or structure. 14 C.F.R. § 91.119(b). Helicopters have no altitude restrictions at all provided they operate without hazard to persons or property on the surface. Id. at § 91.119(d).

3. Defendant also argues that Scott has failed to adduce evidence regarding the existence of such a duty. To the extent that Scott seeks redress for

Defendant's alleged violation of the purported "Noise Sensitive Area," the claim is probably not within the scope of the FTCA because of the FTCA's "private person" standard.

· Defendant's uncontested evidence indicates that the FAA never established a Noise Sensitive Area. The Air Force representative for the FAA, however, did establish a noise sensitive area under the "Fly Neighborly Program," and disseminated the information only to military flight crews in the area. Private persons, then could not be liable for breaching the designated Noise Sensitive zone under Alabama law. For the sake of argument, however, the court's analysis proceeds under the assumption that such a duty exists.

4. These figures were calculated using a 200 foot altitude. The slant range would double if calculated using a 400 foot altitude.

ed, so long as the overflight causes no harm to the persons or property over which they pass. Scott alleges that the low-flying U.S. Army aircraft (i.e., helicopters) caused property damage. Because there are no minimum altitudes established for helicopters, the mere fact that the aircraft flew at a low-level is irrelevant.

In order to demonstrate that Defendant breached a duty of care as to the helicopter claims, Scott would have to show that Defendant's overflights caused harm to Scott's property below. Defendant contends that Scott has failed to adduce any such evidence. The court agrees. Scott has not directed the court's attention to any such evidence. In other words, Scott's failure to come forward with evidence that the helicopter overflights resulted in his alleged property damage is fatal to his claim. Defendant's Motion for Summary Judgement is due to be granted since Scott has again failed to support his allegation with evidence.

Finally, Scott claims that aside from the purported altitude violations, Defendant is liable for violating a Noise Sensitive Area. Defendant contends that no such area has been authorized by the FAA. Scott does not dispute Defendant's contention. In so far as Scott claims that Defendant breached some independent duty to be quiet, the court has neither been directed to, nor is aware of, any noise standards in existence. In so far as Scott attempts to assert a claim that Defendant was negligent is causing excessive noise, Defendant's Motion is due to be granted.

### B. Causation

 Defendant asserts alternate grounds upon which summary judgment is due to be granted. Under Alabama law, a plaintiff in a negligence claim must prove a causal link between the defendant's conduct and the resulting injury. *Bell v. Colony Apartments Co., Ltd.,* 568 So.2d 805 (Ala. 1990). Assuming Defendant owed a duty of care to Scott, and assuming for the sake of argument Defendant breached that duty, Defendant argues that Scott has failed to adduce evidence sufficient to establish that the breach caused the injury complained of. The court finds that summary judgment is also due to be granted on the grounds that Scott has not offered any evidence of a causal link between the Defendant's overflights and the injuries allegedly sustained to Scott's birds and eggs.

In his deposition, Scott refers to some professional literature discussing various factors, including stress, which may affect birds. The court accepts, for summary judgment purposes, the concept in the abstract that certain types of stresses can cause injury to birds and their eggs. There is no indication, however, that Scott's injuries—the three dead birds, the addled eggs, or the birds rendered infertile—resulted from low aircraft overflight or excessive aircraft noise. The experts who examined the dead birds concluded that they each died of natural causes. Scott dep. Vol. I, p. 131, ll. 10–13; p. 134, ll. 10–14; p. 136, ll, 5–14. None of the expert opined that stress was a factor in any of the deaths. Id. Scott has simply failed to identify any evidence from which the court could conclude that the injuries he complains of were caused by aircraft overflight or noise as opposed to other noise or other stresses. Consequently, summary judgment is due to be granted due to the complete lack of evidence establishing causation.

### V. *CONCLUSION*

For the above-stated reasons, Defendant's Motion for Summary Judgment is due to be granted. A separate order consistent with this opinion will be entered.